UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN MATTHEW TRACCHIA, | 1:10-cv-00384-AWI-MJS |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.     PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following his conviction by jury trial of second degree murder. (Answer, Ex. 1, Abstract of Judgment.) Petitioner is currently serving a resultant sentence of sixteen years to life in prison. (Id.)

Petitioner filed the instant federal habeas petition on February 22, 2010.   Petitioner received two serious disciplinary violations in 2007 for failure to report to his work assignment and a 30-day credit loss for each. Petitioner alleges that the California Department of Corrections and Rehabilitation issued the disciplinary violations as retaliation against him in violation of his equal protection rights because he filed a civil rights lawsuit.

On March 5, 2009, Petitioner filed a habeas petition in the Kings County Superior Court which was denied on April 29, 2009. (Answer, Exs. 2-3.)

On August 7, 2009, Petitioner filed a writ of habeas in the California Court of Appeal for the Fifth District. The appellate court summarily denied Petitioner's habeas petition on August 13, 2009. (Answer, Exs. 4-5.)

Petitioner filed the same claim in a petition to the California Supreme Court on November 23, 2009. The writ was denied on February 3, 2010. (Answer, Exs. 6-7.)

Respondent filed an answer to the petition on September 23, 2010, and Petitioner filed a traverse on October 15, 2010. (Answer & Traverse, ECF Nos. 13-14.)

## II.     DISCUSSION

### A.     Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he suffered a violation of his right to due process as guaranteed by the U.S. Constitution. In addition, Petitioner was custody in Kern County, which is located within the jurisdiction of this court, at the time of filing the present petition. 28 U.S.C. § 2241(d); 2254(a). Accordingly, the Court has jurisdiction over the action.

### B.     Legal Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Under AEDPA, an application for a writ of habeas corpus by a person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n. 7 (2000). Federal

habeas corpus relief is available for any claim decided on the merits in state court proceedings if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### 1. Contrary to or an Unreasonable Application of Federal Law

A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-06). "AEDPA does not require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied. . . . The statue recognizes . . . that even a general standard may be applied in an unreasonable manner" Panetti v. Quarterman, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted). The "clearly established Federal law" requirement "does not demand more than a 'principle' or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009). For a state decision to be an unreasonable application of clearly established federal law under § 2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle (or principles) to the issue before the state court. Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003). A state court decision will involve an "unreasonable application of "federal law only if it is "objectively unreasonable." Id. at 75-76 (quoting Williams, 529 U.S. at 409-10); Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). In Harrington v. Richter, the Court further stresses that "an unreasonable application of federal law is different from an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011) (citing Williams, 529 U.S. at 410) (emphasis in original). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 786 (citing Yarborough v. Alvarado, 541 U.S.

653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts have in reading outcomes in case-by-case determinations." Id.; Renico v. Lett, 130 S. Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. 111, 122, 129 S. Ct. 1411, 1419 (2009) (quoting Richter, 131 S. Ct. at 786).

### 2.     Review of State Decisions

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the claim rest on the same grounds." See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  This is referred to as the "look through" presumption.  Id. at 804; Plascencia v. Alameida, 467 F.3d 1190, 1198 (9th Cir. 2006). Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, "does not require that there be an opinion from the state court explaining the state court's reasoning." Richter, 131 S. Ct. at 784-85. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. (" This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.").

Richter instructs that whether the state court decision is reasoned and explained, or merely a summary denial, the approach to evaluating unreasonableness under § 2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. at 75). AEDPA "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Id.  To put it yet another way:

> As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 786-87. The Court then explains the rationale for this rule, i.e., "that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. It follows from this consideration that § 2254(d) "complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for later federal habeas proceedings." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

### 3.   Prejudicial Impact of Constitutional Error

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness). Some constitutional errors, however, do not require that the petitioner demonstrate prejudice. See Arizona v. Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659 (1984). Furthermore, where a habeas petition governed by AEDPA alleges ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do not engage in a separate analysis applying the Brecht standard. Avila v. Galaza, 297 F.3d 911, 918, n. 7 (2002). Musalin v. Lamarque, 555 F.3d at 834.

### IV.   **REVIEW OF PETITION**

#### A.   **Due Process**

The law concerning a prisoner's Fourteenth Amendment liberty interest in good time credit is set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). While the United States Constitution does not guarantee good time credit, an inmate has a liberty interest in good time credit when a state statute provides such a right and delineates that it is not to be taken away except for serious misconduct. See id. at 557 ("It is true that the Constitution itself does not

1 guarantee good-time credit for satisfactory behavior while in prison. But here the State itself 2 has not only provided a statutory right to good time but also specifies that it is to be forfeited 3 only for serious misbehavior."); id. ("[T]he State having created the right to good time and itself 4 recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's 5 interest has real substance …."); id. at 558 (holding that "[s]ince prisoners in Nebraska can 6 only lose good-time credits if they are guilty of serious misconduct, the determination of 7 whether such behavior has occurred becomes critical, and the minimum requirements of 8 procedural due process appropriate for the circumstances must be observed").

9 Prisoners cannot be entirely deprived of their constitutional rights, but their rights may 10 be diminished by the needs and objectives of the institutional environment. Wolff, 418 U.S. at 11 539. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not 12 afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due 13 process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. 14 Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, etc. v. Hill, 472 U.S. 445, 15 454-455 (1984)).

16 When a prison disciplinary proceeding may result in the loss of good time credits, due 17 process requires that the prisoner receive: (1) advance written notice of at least 24 hours of 18 the disciplinary charges; (2) an opportunity, when consistent with institutional safety and 19 correctional goals, to call witnesses and present documentary evidence in his defense; and 20 (3) a written statement by the fact-finder of the evidence relied on and the reasons for the 21 disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.

22 **B.    Analysis**

23 In the facts and circumstances presented here, Petitioner was not denied due process. 24 Petitioner was charged with two separate rule violation reports for failure to work. Petitioner 25 was found guilty of both offenses. The Kern County Superior Court described why Petitioner's 26 due process rights were not denied in a reasoned decision, stating:

27 Petitioner, Glenn Tracchia ("Petitioner"), filed a petition for writ of habeas corpus on March 5, 2009 ("petition"). Petitioner complains that academic teacher 28 J. Steele falsely issued two Rules Violations Reports (Log No. A-07-08-016 and

1
2
3
4
5
    Log No. A-07-09-004) against him charging him with two separate incidents of refusal to work. In regards to both of the underlying incidents, Petitioner claims that he was disciplined for not reporting to a new job assignment for which no classification committee approval had been obtained. Petitioner contends that had he reported to each of the new job assignments without such approval, he would have been subject to being "out of bounds". Petitioner believes that the job reassignments were made as a form of retaliation for his civil suit against the California Department of Corrections and Rehabilitation and/or its employees.

6
7
8
9
10
    Petitioner bears a heavy burden initially to plead sufficient grounds for relief. This burden is met through the presentation of particular facts regarding which relief is sought, and copies of reasonably available documentary evidence supporting the claim. (People v. Duvall (1995) 9 Cal. 4th 464, 474.) In connection with disciplinary actions, a petitioner must demonstrate that the decision reached was arbitrary and not supported by "some evidence within the record. (Superintendent, Massachusetts Correctional Institution v. Hill (1985) 472 U.S. 445, 455 [prison disciplinary action will not be distributed so long as "some evidence" supports the action taken].)

11
12
13
    In this case, it appears from a review of the relevant Rules Violation Reports that Petitioner did not submit a defense in connection with Rules Violation Report, Log No. A-07-09-004 and did not request any witnesses. (CDC 115-C dated September 27, 2007.) Having failed to present a defense to the disciplinary charge set forth in Log No. A-07-09-004. Petitioner cannot now be heard to complain about this having been found guilty of the violation.

14
15
16
17
    In connection with Rules Violation Report, Log No. A-07-08-016, Petitioner admits that he committed the violation charged, but states that his refusal was justified in light of the invalid assignment. Accordingly, there appearing to be "some evidence" in the record to establish the disciplinary violation as charged, this court declines to vacate the finding of guilt reached in connection with Rules Violation Report, Log No. A-07-08-016.

18
    Based upon the foregoing, IT IS HEREBY ORDERED, the petition is denied.

19 (Pet., Ex. 3.)

20     The reasoning of the state court in denying Petitioner's claims is not an unreasonable
21 determination of Supreme Court law. Petitioner does not claim that he was denied procedural
22 due process in the form of notice of the hearing, the right to present witnesses or evidence,
23 or a written statement of the decision. Nor does Petitioner contend that Respondent failed to
24 show that "some evidence" supported the violation. At the hearings, the hearing officers found
25 petitioner guilty based on Petitioner's failure to challenge the claim that he failed to show up
26 for work, arguing instead only that a correctional officer intentionally changed his job
27 assignment. Based on Petitioner's acknowledgment that he did not present himself for work
28 or know that his job assignment was changed, the hearing officer reasonably inferred that

Petitioner failed to appear for work. Accordingly, the "some evidence" standard has been met. See Hill, 472 U.S. at 455. Therefore, the state court reasonably concluded there was some evidence to uphold the decision of the hearing officer. To the extent Petitioner presents a due process challenge, the claim lacks merit, and the Court recommends the petition be denied.

Furthermore, Petitioner's claims that the disciplinary violations were retaliatory and violated his Equal Protection rights appear to relate to his conditions of confinement, and do not necessarily affect the duration of Petitioner's confinement. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1.

To the extent that Petitioner's allegations concern only the conditions of his confinement, Petitioner does not allege facts that point to a real possibility of constitutional error that affects the legality or duration of his confinement. Thus, Petitioner is not entitled to habeas corpus relief, and his claim should be dismissed.

Should Petitioner wish to pursue his conditions claim, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk will be directed to send an appropriate form complaint to Petitioner.

**V.    RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for the writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

1 thirty (30) days after the date of service of this Findings and Recommendation, any party may
2 file written objections with the Court and serve a copy on all parties.  Such a document should
3 be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to
4 the Objections shall be served and filed within fourteen (14) days after service of the
5 Objections.  The Finding and Recommendation will then be submitted to the District Court for
6 review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are
7 advised that failure to file objections within the specified time may waive the right to appeal the
8 Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14 IT IS SO ORDERED.

15 Dated:   October 24, 2012         /s/ *Michael J. Seng*
              UNITED STATES MAGISTRATE JUDGE